UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-21149-BLOOM/Elfenbein

AGNES BERNADETEA TAYYEM,

    Plaintiff,

v.

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

    Defendant.
_____/

### ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Summary Judgment, ECF No. [12], and Defendant's Motions for Summary Judgment, ECF No. [16]. The Motions were referred to the Honorable Judge Marty Fulgueira Elfenbein for Report and Recommendation ("R&R"). *See* ECF No. [11]. On February 5, 2025, Judge Elfenbein issued an R&R, recommending that Plaintiff's Motion for Summary Judgment be denied, Defendant's Motion for Summary Judgment be granted, and the Administrative Law Judge's ("ALJ") Decision be affirmed. ECF No. [19]. In the R&R, Judge Elfenbein advised the parties that they have fourteen days to file any objections to the findings and recommendations with the District Court. *Id.* at 35. Plaintiff timely filed her Objections on February 19, 2025. ECF No. [20]. The Court has reviewed the Motions, the record, Plaintiff's Objections, and is otherwise fully advised. For the reasons set forth below, Plaintiff's Objections are overruled and the Court adopts the R&R in full.

    **I.    BACKGROUND**

The Court assumes the parties' familiarity with the facts of this case and adopts the

procedural history contained in the R&R. ECF No. [19] 2-5. The following background provides only the facts necessary to analyze the R&R and address Plaintiff's objections.

On March 27, 2024, Plaintiff filed this appeal of a final administrative decision denying Plaintiff's application for Supplemental Security Income benefits. ECF No. [1] ¶¶ 1-2. On August 6, 2024, Plaintiff filed a Motion for Summary Judgment in which she argued the ALJ failed to properly evaluate the opinion of "Plaintiff's primary therapist Dorothy Maengei, LCSW," leading to a residual functional capacity ("RFC") determination which Plaintiff contends is "improper and unsupported by substantial evidence." ECF No. [12] at 10, 12. On October 4, 2024, Defendant filed a separate Motion for Summary Judgment in which Defendant argued "substantial evidence supports the ALJ's findings that Dr. Maengei's findings were both unsupported by her own records and inconsistent with the rest of the record[.]" ECF No. [16] at 2.

## II. LEGAL STANDARD

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the R&R to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784; *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001).

"It is improper for an objecting party to . . . [submit] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R." *Marlite, Inc. v. Eckenrod*, No. 10-cv-23641, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). A court, in its discretion, need not consider arguments that were not, in the first instance, presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009). A district court may accept, reject, or modify a magistrate judge's R&R. 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

Plaintiff objects to "the Magistrate Judge's finding that the ALJ properly evaluated the medical opinion of Dorthy Maengei, LSCW." ECF No. [20] at 1. Specifically, Plaintiff suggests the ALJ and Judge Elfenbein improperly considered Plaintiff's part-time work in their analyses. Plaintiff argues the fact that she "was able to sustain part-time work fails to establish that Plaintiff would be capable of *full-time* work, which the SSA requires to avoid the finding of disability[.]" *Id.* at 2 (citing *Beard v. Comm'r, Soc. Sec. Admin.*, No. 4:23-cv-00874, 2024 WL 4216634, at *5 (N.D. Ala. Sept. 17, 2024)). Therefore, Plaintiff argues, the ALJ should not have found Maengei's opinion inconsistent with Plaintiff's reported part-time work activity and that Judge Elfenbein's R&R affirming the ALJ should be rejected. ECF No. [20] at 1-2.

Plaintiff misunderstands the ALJ's and Judge Elfenbein's analyses. They cited Plaintiff's part-time work not as evidence that Plaintiff was necessarily capable of full-time work, but in order to demonstrate that "Plaintiff's level of functionality evidenced by her work activities is inconsistent with the level of impairment that Maengei assessed." ECF No. [19] at 31 (citing No. [6-1] at 21). Indeed, the ALJ explicitly noted that Plaintiff's "work activity as a fast food worker

and concession vendor thorugh 2022" was "not disqualifying substantial gainful activity," but instead "indicate[d] that the claimant's functionality is inconsistent with the level of impairment opined by . . . Maengei." ECF No. [6-1] at 21. As Judge Elfenbein noted, "Maengei opined Plaintiff had 'extreme' limitations in eighteen of the twenty-two areas" in which Maengei evaluated Plaintiff. ECF No. [19] at 29 (citing ECF No. [6] at 905-07). However, the instructions on the form Maengei used to evaluate Plaintiff state that a person has an extreme limitation if she is "not able to function in this area independently, appropriately, effectively, and on a sustained basis." *Id.* Furthermore, "[a]n 'extreme' impairment is very severe and will not apply to most patients." *Id.* "Plaintiff's own testimony is evidence that, at least as to some jobs, she did not lose them because her mental limitations prevented her from successfully completing tasks but rather because of other, unrelated reasons" such as "'not having reliable transportation and not reporting to work on time; termination because someone lied about' her; 'or missing work to take her child to therapy or attend therapy herself.'" *Id.* at 32 (quoting ECF No. [6-1] at 21). Therefore, Judge Elfenbein correctly noted that Plaintiff's employment history contradicted Maengei's assessment of Plaintiff. *Id.* at 31-32.

Plaintiff further argues that the ALJ provided "no explanation . . . for why . . . Maengei's explanations did not support the opinion." ECF No. [20] at 3. ALJs "evaluate the persuasiveness of medical opinions and prior administrative medical findings" based on "supportability," "consistency," "relationship with the claimant," "specialization," and "other factors." 20 C.F.R. § 416.920c(a), (c). Although Judge Elfenbein "has provided [her] reasons for why the opinion was allegedly unsupported," Plaintiff states "those [reasons] were nothing more than *post-hoc* rationalization where the ALJ did not provide that explanation" herself. ECF No. [20] at 3. Therefore, the ALJ's "failure to offer a supportability analysis was an error that warranted automatic remand[.]" *Id.*

Although it is true that a court "cannot affirm based on a post hoc rationale that 'might have supported the ALJ's conclusion," Judge Elfenbein's analysis directly tracks that of the ALJ. ECF No. [20] at 3 (quoting *Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 872 (11th Cir. 2012). The ALJ stated Maengei's opinion is "inconsisitent with and unsupported by the claimant's work activity since the alleged disability onset date, as she frequently reported she was working at McDonald's." ECF No. [6-1] at 21. The ALJ then stated that although Plaintiff's part-time work was "not disqualifying substantial gainful activity, this work activity indicates that the claimant's functionality is inconsistent with the level of impairment opined by . . . Maengei." *Id.* As Judge Elfenbein noted, it is unclear what further analysis the ALJ could have conducted given that "the record contains no source documents created during Maengei's treatment of Plaintiff, which explains why the ALJ did not mention any primary examination or medical records she looked to when finding that Maengei's opinion was unsupported." ECF No. [19] at 33. "The ALJ could not refer to what was not there."Therefore, Judge Elfenbein properly affirmed the ALJ's decision.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The R&R, **ECF No. [19]**, is **ADOPTED**;

2. Plaintiff's Objections, **ECF No. [20],** are **OVERRULED;**

3. Plaintiff's Motion for Summary Judgment, **ECF No. [12],** is **DENIED**;

4. Defendant's Motion for Summary Judgment, **ECF No. [16]** is **GRANTED**;

5. The ALJ's decision is **AFFIRMED**;

6. The Clerk of Court shall **CLOSE** this case.

Case No. 24-cv-21149-BLOOM/Elfenbein

**DONE AND ORDERED** in Chambers at Miami, Florida on March 12, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record